IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**ANDREW PAUL DOWNIE,**

      Petitioner,

v.                                           Criminal Action No. 2:02cr150-011
                                        Civil Action No. 2:05cv279

**UNITED STATES OF AMERICA,**

      Respondent.

**OPINION and ORDER**

Pending before the court is a Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition"), filed by Andrew Paul Downie ("the petitioner"), filed on May 6, 2005. The petitioner, in reliance on the decision of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), claims that his sentence was unconstitutional because he was sentenced under mandatory guidelines which have since been held unconstitutional. The court finds, however, that it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Furthermore, even if the court were to consider the substance of the petition, the court finds that it plainly appears from the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings.

I. Background

On July 24, 2002, the petitioner was indicted on approximately 269 counts of drug related

criminal activity including conspiracy to distribute and possess with intent to distribute marijuana, continuing criminal enterprise, conspiracy to promote and conceal marijuana trafficking by laundering marijuana proceeds using monetary instruments, attempt and possession with intent to distribute marijuana, use of communication facilities to further the marijuana conspiracy and the continuing criminal enterprise, possession of firearms in furtherance of and using and carrying firearms during and in relation to drug trafficking crimes, and promotion of marijuana trafficking through money laundering. On November 5, 2002, the petitioner entered into a plea agreement with the government and pled guilty to Count One, conspiracy to possess with intent to distribute and to distribute marijuana, and Count Three, conspiracy to launder monetary instruments. On July 22, 2003, the court sentenced the petitioner to 235 months imprisonment. The petitioner did not appeal this sentence. On June 29, 2004, in response to a government motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the district court entered an amended judgment reducing the petitioner's sentence.

## II. Discussion

A. Timeliness of Petition

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the

screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of addressing this petition, the AEDPA implemented a one-year limitation period applicable to the filing of section 2255 petitions. In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As the petitioner did not appeal his sentence, his conviction became final when the time period for filing an appeal expired. See United States v. Sanders, 247 F.3d 139, 142-144 (4th Cir. 2001) (noting that unappealed conviction is final on date of imposition). The petitioner was sentenced on July 22, 2003; thus, his conviction became final ten days later. See Fed. R. App. P. 4(b), 26. The instant petition was filed on May 6, 2005, nearly one year and nine months after his conviction became final.

The court finds that the date that the petitioner's conviction became final is the triggering

date that must be used in applying the AEDPA statute of limitation. From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing the petition at an earlier date. In addition, the claims are based on facts that would have been known to the petitioner at the conclusion of his sentencing.

The petitioner attempts to show that his petition is timely by arguing that the Supreme Court has announced a new rule that is retroactive to cases on collateral review. United States v. Lilly, 342 F. Supp. 2d 532, 539 (W.D. Va. 2004). Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C. § 2255, paragraph 6(3). However, the court finds that neither Blakely nor Booker have been made retroactively applicable to cases on collateral review and, thus, do not serve to make the petitioner's section 2255 motion timely within the AEDPA.

A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 295 (1989). Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was certainly not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that court can enhance sentences on bases of judicially determined facts so long as statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct.

2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or show that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

There is little doubt that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S. Ct. at 2523. Booker does not involve the substantive determination of what type of conduct is lawful or unlawful. Moreover, the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S. Ct. at 2523; United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (finding that rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, it must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S. Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application.

McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. Feb. 2, 2005).

There is nothing in either <u>Blakely</u> or <u>Booker</u> to suggest that the Supreme Court meant to overrule the many cases holding that <u>Apprendi</u> does not apply retroactively on collateral review. This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the <u>Blakely</u> decision, or following the more recent decision in <u>Booker</u>. See <u>id.</u>; <u>Lilly</u>, 342 F. Supp. at 538-39 n.5 (citing cases). In fact, in addition to the Seventh Circuit's decision in <u>McReynolds</u>, each circuit that has addressed the issue of retroactivity in the wake of <u>Booker</u> has determined that the rule announced in that decision is not applicable on collateral review. See <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); <u>Guzman v. United States</u>, 2005 U.S. App. Lexis 5700, at *12 (2d Cir. April 8, 2005). Thus, considering that <u>Blakely</u> does not apply to restart the limitation period, the court determines that the one-year period began when the petitioner's conviction became final. See 28 U.S.C. § 2255. As the petitioner's conviction became final a year and nine months prior to the filing of the instant petition, the court concludes that the petition is time-barred.

Ordinarily, prior to raising the issue of the AEDPA statute of limitation sua sponte, a district court must warn the petitioner that the petition is subject to dismissal absent a sufficient explanation, "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." <u>Hill</u>, 277 F.3d at 707. The court finds that such a warning is unnecessary in this case for the following reason.

As the argument that <u>Blakely</u> is retroactive for purposes of the statute of limitation also extends to the petitioner's substantive claims, it is clear to the court from the materials before it that

there is simply no other means for this petition to be salvaged. See Hill, 277 F.3d at 707. Certainly, the petitioner's reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (discussing limited grounds available for equitable tolling); see also United States v. Sosa, 364 F.3d 507, 513-14 (4th Cir. 2004) (declining to overturn district court's decision to sua sponte dismiss petitioner's section 2255 motion without prior notice to petitioner because jurists of reason would not find it debatable that equitable tolling was justified). The viability of the petition depends completely on the retroactive operation of Blakely, and by implication Booker. As these decisions do not have retroactive effect, the court finds that it is "indisputably clear" that the petition is untimely. Hill, 277 F.3d at 701.

    B. Summary Dismissal

The court also finds that even were this petition not ripe for dismissal on timeliness grounds, a review of the substance of the petitioner's claims would still warrant summary dismissal without the need for a response from the government. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss the petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(b), Rules Governing 2255 Proceedings.

The petitioner's substantive claims are all based on the assumption that Blakely and Booker are retroactive on collateral review. The petitioner claims, under Blakely and Booker, that his sentence was unconstitutional because he was sentenced pursuant to the then mandatory Federal Sentencing Guidelines. As discussed above, the reason that Blakely and Booker cannot serve to restart the one-year limitation period for filing a section 2255 petition is because these decisions have not been made retroactively applicable on collateral review. For the same reason, a petitioner whose

7

conviction became final long before either <u>Blakely</u> or <u>Booker</u> were decided cannot rely on the effect of these decisions that would be available to cases on direct review. See <u>Lilly</u>, 342 F. Supp. 2d at 539 (noting that retroactivity analysis is identical for both timely and untimely petitions). Accordingly, as the petitioner cannot rely on the retroactive effect of <u>Blakely</u> and <u>Booker</u>, his petition is also subject to summary dismissal.

### III. Conclusion

Pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on May 6, 2005 is **DISMISSED**. The court also concludes that even if the petition were timely, it would be subject to summary dismissal and must be **DENIED**. Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that he may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 12th, 2005